Jose A. Klein, OSB No. 083845
jose@kleinmunsinger.com
Damien T. Munsinger, OSB No. 124022
damien@kleinmunsinger.com
KLEIN MUNSINGER LLC
1215 SE 8th Avenue, Suite F
Portland, Oregon 97214
Telephone: (503) 568-1078

Benjamin Knox Steffans (*pro hac vice* forthcoming)
bsteffans@steffanslegal.com
STEFFANS LEGAL PLLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201
Telephone: (413) 418-4176

Matthew L. Turner (*pro hac vice* forthcoming)
mturner@sommerspc.com
Charles R. Ash, IV (*pro hac vice* forthcoming)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

*Attorneys for Plaintiff and Proposed Class Members*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SEAN BOOTHE**, on behalf of himself and all similarly situated employees, | Case No.: |
| Plaintiff, | Hon. |
| v. | **CLASS ACTION ALLEGATION COMPLAINT FOR:** |
| **NIKE, INC., NIKE RETAIL SERVICES, INC., and CONVERSE, INC.,** | 1. Massachusetts Overtime Act |
| Defendants. | 2. Massachusetts Wage Act |
| | 3. Breach of Contract |
| | 4. Unjust Enrichment |
| | **DEMAND FOR JURY TRIAL** |

1 - COMPLAINT

## INTRODUCTION

1.      This is class action lawsuit brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, Sean Boothe (hereinafter "Plaintiff"), individually and on behalf of all similarly situated persons employed by Defendants Nike, Inc., Nike Retail Services, Inc., and Converse, Inc. (hereinafter collectively referred to as "Defendants") in their retail stores.

2.      This class action arises from Defendants' willful violations of: the Massachusetts Wage Act, M.G.L. c. 149 §148; the Massachusetts Overtime Act, M.G.L. c. 151 §1A; common law breach of contract; and (in the alternative) unjust enrichment.

3.      Defendant Nike, Inc. (hereinafter "Nike") is an American multinational corporation in the business of selling athletic equipment and clothing, among other things.

4.      Upon information and belief, Defendants Nike Retail Services, Inc. ("Nike Retail") and Converse, Inc. ("Converse") are subsidiaries of Nike.

5.      Together, Defendants offer consumers throughout the country athletic equipment and clothing in hundreds of retail stores across the country, including, but not limited to, Boston, Massachusetts.

6.      Defendants jointly employed Plaintiff and similarly situated persons in said retail stores as hourly employees with internal position titles such as "Athlete" or "Product Specialist." Regardless of title, each hourly employee in the Defendants' retail store was subject to the same off-the-clock work discussed herein.  For purposes of this Complaint, Plaintiff generally refers to these hourly employees as "Associates."

7.      At the end of each shift, after clocking out of Defendants' timekeeping system, Associates are required to wait for a supervisor to check them out of the store.  Similarly, after clocking out, but before leaving the store for their lunch breaks, Associates are required to wait for

a supervisor to check them out of the store.

8.      Defendants' store checkout policy and practice resulted in Associates incurring twenty (20) to thirty (30) minutes per shift of uncompensated "working time," as defined by the relevant Massachusetts wage laws.

9.      Similarly, other state laws in states that Defendants operate retail stores have deemed that the time spent by Associates waiting to be checked out of the store is compensable.

10.     At the onset of their employment, Defendants made contractual promises to pay Plaintiff and every other Associate for all compensable hours at a fixed hourly rate.  As discussed below, Defendants breached their contractual promises by failing to pay Plaintiff and the similarly situated Associates for all compensable hours at their regular hourly rate, and overtime rate (when applicable).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states (diversity jurisdiction).

12.     This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. §1332(d).  This is a putative class in which: (1) there are 100 or more members in the proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

13.     Venue is proper in the District of Oregon because a substantial portion of the events forming the basis of this suit occurred in this District, nearly all of Defendants' officers are located in this District, and Defendant Nike (the parent corporation) is headquartered in this District.

Accordingly, venue is appropriate in this district pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

14.    Plaintiff, Sean Boothe, is a resident of Brockton, Massachusetts.  Defendants employed him as an Associate in three retail stores located in Massachusetts within the last three years.  The contractual hourly rate promised to Plaintiff is reflected in his paystubs.

15.    Defendant Nike is an Oregon corporation (Registry #087399-14) with a principal place of business at One Bowerman Dr., Beaverton, Oregon 97005.  Defendant Nike's registered agent is "United Agent Group, Inc." and the service of process address is 5708 South East 136th Ave., Suite 2, Portland, Oregon 97236.

16.    Defendant Nike Retail is also an Oregon corporation (Registry #210088-18) with the same principal place of business, resident agent, and service of process address as Defendant Nike. *See*, ¶ 15.

17.    Defendant Converse is a Delaware corporation, registered to do business in Oregon (Registry #065400-90), with a principal place of business located at 1 Lovejoy Wharf, Boston, Massachusetts 02114.  Defendant Converse shares the same Registered Agent and service of process address as co-Defendants Nike and Nike Retail.  *See*, ¶ 15.

18.    According to Nike's Website, "Based in Beaverton, Oregon, NIKE, Inc. includes the Nike, Converse, and Jordan brands." *See*, https://about.nike.com/ (last visited 5/26/21).

19.    Nike creates groundbreaking sport innovations, by making its products more sustainably, by building a creative and diverse global team and by making a positive impact in the communities where we live and work. *Id*.

20.    Furthermore, Nike's website explains that it operates more than 400 retail stores. *See*, https://jobs.nike.com/ (last visited 5/26/21).

21.    The uniform and nearly identical job postings on Defendants' website for Associates refers to them as "Athletes."  Notably, Defendants list Nike and Converse job postings on the same website.

## GENERAL ALLEGATIONS

22.    Defendants jointly operate more than 400 retail locations and have employed hundreds of Associates at those locations during the relevant time period.

23.    As stated above, Defendants employed Plaintiff as an Associate at the retail locations located on Newbury Street and Lovejoy Wharf in Boston, Massachusetts during the relevant time period.[1]

24.    Defendants enforced the same unlawful checkout policy at issue in this case at the Newbury Street location and the Lovejoy Wharf location.  In fact, the unlawful checkout policy was uniformly enforced across the country, as evidenced by *Rodriguez v. Nike*, 928 F.3d 810 (9th Cir. 2019), in which the 9th Circuit held that the uncompensated time Associates suffered while waiting to be checked out by Nike was not *de minimis*.

25.    Defendants promised Plaintiff to pay him at an hourly rate for all compensable hours worked.

26.    Plaintiff's most recent hourly rate is $14.50/hour.

27.    Plaintiff regularly worked five (5) shifts a week and more than forty hours.

28.    As required by law, Defendants paid Plaintiff for some (but not all) overtime at one and one half times his regular hourly rate when he exceeded forty hours in a single week.

29.    Plaintiff and all other Associates in Defendants' retail stores utilized the same

---

[1] Defendants have also employed Plaintiff at a location located at Wrentham, Massachusetts, but this case does not relate to Plaintiff's time working at that location.

electronic timekeeping system, called Kronos.

30.     Associates could clock into and out of Kronos in one of two ways: 1) clock in on the Kronos mobile phone application; or 2) clock in on the wall keypad located in the retail store's breakroom. Plaintiff mostly clocked in on the wall keypad.

31.     After entering the retail store and clocking in, if for any reason whatsoever the Associate needed to leave the store, Defendants maintained a strict policy that a supervisor must check the Associate out of the store.

32.     To illustrate this policy, if Plaintiff clocked out in the breakroom (as he usually did), he was then required to walk to the front of the store and wait until a manager was free to check him out.  The process was no different if Plaintiff clocked out using the mobile app – he was required to wait at the front of the store for a manager to check him out.

33.     Plaintiff estimates that each store checkout required him to wait by the door for ten (10) to Fifteen (15) minutes, depending on the availability of the store manager.

34.     Defendants' store checkout policy required Associates to clock out in Kronos *before* a store manager would perform a checkout.  Accordingly, regardless of whether the Associate clocked out on the wall keypad in the breakroom or on the phone application, the time spent waiting for a manager to check them out went uncompensated.

35.     As discussed below, Massachusetts state wage and hour laws require an employer to pay an employee for the time they are required to remain on the employer's premises.

36.     Defendants could have easily paid Plaintiff and the other Associates for this time, but declined to do so.

**JOINT EMPLOYER ALLEGATIONS**

37.     At all relevant times, Defendants were jointly Plaintiff's "employer" and

Defendants directly benefited from the uncompensated working time performed by Plaintiff and the other Associates.

38.    At all relevant times, Defendants controlled Plaintiff's and the other Associates schedule, duties, assignments, and employment conditions.

39.    Defendants jointly implemented and enforced the policies and practices complained of herein on Plaintiff and other Associates; namely, the policy that Associates clock out and then wait at the front of the store for a store manager to check them out before leaving the retail store.

40.    During his employment in the Boston retail stores, Plaintiff received paystubs from both Defendant Nike Retail and Defendant Converse. Regardless of the name on the paystubs, the unlawful policy at issue in this case remained the same.

41.    Furthermore, the unlawful policy at issue was developed by Nike, then passed down for implementation and enforcement to its subsidiaries – such as Defendants Nike Retail and Converse.

**RULE 23 MASSACHUSETTS CLASS ACTION ALLEGATIONS**

42.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of:

> *All similarly situated current and former hourly Associates who worked for Defendants at any retail store in Massachusetts at any time during the last three years.*

(hereinafter referred to as the "Rule 23 Massachusetts Class").  Plaintiff reserves the right to amend this definition as necessary.

43.    The members of the Rule 23 Massachusetts Class are so numerous that joinder of all Rule 23 Massachusetts Class members in this case would be impractical.  Plaintiff reasonably

estimates that there are hundreds of Rule 23 Massachusetts Class members.  Rule 23 Massachusetts

Class members should be easy to identify from Defendants' computer systems and electronic

payroll and personnel records.

44.     There is a well-defined community of interest among Rule 23 Massachusetts

members and common questions of law and fact predominate in this action over any questions

affecting individual members of the Rule 23 Massachusetts Class. These common legal and factual

questions, include, but are not limited to, the following:

> a.    Whether the time that Rule 23 Massachusetts Class members spend
>       waiting for supervisors to check them out is compensable time under
>       the Massachusetts Wage Act; and
>
> b.    Whether the time that Rule 23 Massachusetts Class members spend
>       waiting for managers to check them out is compensable time under
>       the Massachusetts Overtime Act.

45.     Plaintiff's claims are typical of those of the Rule 23 Massachusetts Class in that he

and all other Rule 23 Massachusetts Class members suffered damages as a direct and proximate

result of the Defendants' common and systemic timekeeping policies and practices.  Plaintiff's

claims arise from the same pay policies, practices, promises, and course of conduct as all other

Rule 23 Massachusetts Class members' claims and their legal theories are based on the same legal

theories as all other Rule 23 Massachusetts Class members.

46.     Plaintiff will fully and adequately protect the interests of the Rule 23 Massachusetts

Class and has retained counsel who are qualified and experienced in the prosecution of nationwide

wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or

conflicting with, the interests of the Rule 23 Massachusetts Class.

47.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23

Massachusetts Class members to prosecute individual actions of their own given the relatively

small amount of damages at stake for each individual along with the fear of reprisal by their

employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of

duplicative lawsuits being filed in state and federal courts throughout the nation.

48.     This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel

know of no unusual difficulties in this case and Defendants have advanced, networked computer

and payroll systems that will allow the class, wage, and damages issues in this case to be resolved

with relative ease.

49.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification

is appropriate. *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130

S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff

whose suit meets the specified criteria to pursue his claim as a class action").

50.     Because Defendants acted and refused to act on grounds that apply generally to the

Rule 23 Massachusetts Class and declaratory relief is appropriate in this case with respect to the

Rule 23 Massachusetts Class as a whole, class certification pursuant to Rule 23(b)(2) is also

appropriate.

### RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own

behalf and on behalf of:

> *All similarly situated current and former hourly Associates who worked for*
> *Defendants at any retail store in the United States at any time during the*
> *last six years.*

(hereinafter referred to as the "Rule 23 Nationwide Class").  Plaintiff reserves the right to amend

this definition as necessary

52.     The members of the Rule 23 Nationwide Class are so numerous that joinder of all

Rule 23 Nationwide Class members in this case would be impractical.  Plaintiff reasonably estimates there are hundreds of Rule 23 Nationwide Class members.  Rule 23 Nationwide Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

53.    There is a well-defined community of interest among Rule 23 Nationwide members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nationwide Class. These common legal and factual questions, include, but are not limited to, the following:

    a.    Whether Defendants' failure to pay the Rule 23 Nationwide Class members for the checkout time at their agreed upon rate constitutes a breach of contract; and

    b.    Whether (in the alternative) Defendants' failure to pay the Rule 23 Nationwide Class members for the checkout time at their agreed upon rate resulted in Defendants being unjustly enriched.

54.    Plaintiff's claims are typical of those of the Rule 23 Nationwide Class in that he and all other Rule 23 Nationwide Class members suffered damages as a direct and proximate result of the Defendant's common and systemic timekeeping policies and practices.  Plaintiff's claims arise from the same pay policies, practices, promises, and course of conduct as all other Rule 23 Nationwide Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Nationwide Class members.

55.    Plaintiff will fully and adequately protect the interests of the Rule 23 Nationwide Class and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Nationwide Class.

56.    A class action is superior to other available methods for the fair and efficient

adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nationwide Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

57.     This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case, and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

58.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

59.     Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Nationwide Class and declaratory relief is appropriate in this case with respect to the Rule 23 Nationwide Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

### Count 1 – M.G.L. c. 151 §1A – Failure to Pay Overtime
### (Plaintiff and Members of the Massachusetts Class v. Defendants)

60.     Plaintiff re-alleges and incorporates all other paragraphs herein and further alleges as follows.

61.     Each Defendant was an "employer," as the term is used in the Massachusetts Overtime Act, of Plaintiff and the members of the Rule 23 Massachusetts Class.

62.     Plaintiff and the members of the Rule 23 Massachusetts Class were engaged in an "occupation" as that term is used in the Massachusetts Overtime Act.

63.     Under the Massachusetts Overtime Act, "working time" is defined and "includes all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work." 454 Mass. Code Regs. 27.02.

64.     Defendants failed to pay Plaintiff and the Rule 23 Massachusetts Class members for all hours worked over 40 in a workweek at the appropriate rate, in violation of the Massachusetts Overtime Act.

65.     Due to Defendants' violation of the Massachusetts Overtime Act, Plaintiff and the members of the Rule 23 Massachusetts Class have incurred harm and loss and are entitled to recover from Defendants unpaid overtime mandatorily trebled, attorneys' fees, costs of action, and pre- and post-judgment interest.

### Count 2 – M.G.L. c. 149 §148 – Failure to Pay Wages
### (Plaintiff and Members of the Rule 23 Massachusetts Class v. Defendants)

66.     Plaintiff re-alleges and incorporates all other paragraphs herein and further alleges as follows.

67.     Each Defendant was an "employer," as that term is used in the Massachusetts Wage Act, of Plaintiff and the members of the Rule 23 Massachusetts Class.

68.     Plaintiff and the members of the Rule 23 Massachusetts Class were engaged in an "occupation" as that term is used in the Massachusetts Wage Act.

69.     Under the Massachusetts Wage Act, "working time" is defined and "includes all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work." 454 Mass. Code Regs. 27.02.

70.     Defendants failed to pay Plaintiff and the members of the Rule 23 Massachusetts

Class for all hours worked in a workweek, in violation of the Massachusetts Wage Act.

71.    Due to Defendants' violation of the Massachusetts Wage Act, Plaintiff and the member of the Rule 23 Massachusetts Class have incurred harm and loss and are entitled to recover from Defendants unpaid wages mandatorily trebled, attorneys' fees, costs of the action, and pre- and post-judgment interest.

**Count 3 – Common Law Breach of Contract**
**(Plaintiff and Nationwide Class v. Defendants)**

72.    Plaintiff re-alleges and incorporates all other paragraphs herein and further alleges as follows.

73.    At all times relevant to this action, Defendants had a binding and valid contract with Plaintiff and every other Rule 23 Nationwide Class member to pay each employee for each compensable hour they worked at a pre-established (contractual) regularly hourly rate.

74.    Defendants' contractual promises to pay Plaintiff and each Rule 23 Nationwide Class member's applicable hourly rate is evidenced by, among other things each pay stub issued to Plaintiff and the Rule 23 Nationwide Class members.

75.    Upon information and belief, each Rule 23 Nationwide Class member, including Plaintiff, has an hourly rate of between $11.00 and $14.50 per hour.

76.    Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Defendants' contractual promises and performed under the contract by doing their jobs and carrying out the work they performed each shift, including by complying with the Defendants' timekeeping and checkout policies, described herein.

77.    By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for each compensable hour, Defendants systematically breached their contracts with Plaintiff and each member of the Rule 23 Nationwide Class.

78.    Plaintiff and the Rule 23 Nationwide Class members' remedies under the FLSA are inadequate in this case to the extent Defendants paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., pure "gap time" claims) and because the statute of limitations that applies to FLSA claims is years shorter than the one that applies to breach of contract claims.

79.    As a direct and proximate result of Defendants' contractual breaches, Plaintiff and every other member of the Rule 23 Nationwide Class have been damaged in an amount to be determined at trial.

### Count 4 – Common Law Unjust Enrichment
### (Plaintiff and Nationwide Class v. Defendants)

80.    Plaintiff re-alleges and incorporates all other paragraphs herein and further alleges as follows.

81.    This Count is pled in the alternative to Count 3, supra, pursuant to Fed. R. Civ. P. 8(d)(2)-(3).

82.    At all times relevant to this action, Defendants promised Plaintiff and every other Rule 23 Nationwide Class member a pre-established regular hourly rate in consideration of the work duties Plaintiff and the Rule 23 Nationwide Class members performed for the benefit of Defendant.

83.    Plaintiff and every other Rule 23 Nationwide Class member relied upon Defendants' promise for the pre-established regular hourly rate and performed by doing their jobs and carrying out their required work duties.

84.    By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for all compensable hours, Defendants were unjustly enriched.

85.    Plaintiff and the Rule 23 Nationwide Class members complied with Defendants'

unlawful checkout timekeeping policy at the request of and without objection by Defendants.

86.     Defendants received and accepted the above-referenced uncompensated services from Plaintiff and every other Rule 23 Nationwide Class member and enjoyed the benefits derived therefrom.

87.     Upon information and belief, Defendants used the monies owed to Plaintiff and every other Rule 23 Nationwide Class member to finance its various business ventures or pay its equity owners.

88.     Defendants have been unjustly enriched by the retention of monies received pursuant to the services Plaintiff and the Rule 23 Nationwide Class performed for Defendants' benefit, without having compensated Plaintiff and the Rule 23 Nationwide Class for the same.

89.     Plaintiff and the Rule 23 Nationwide Class suffered detriment due to Defendants' failure to compensate them for the checkout time described herein, in that Plaintiff and the members of the Rule 23 Nationwide Class were deprived of the ability to utilize that time, effort and their resources in a profitable manner.

90.     As a direct and proximate result of Defendants' actions, Plaintiff and every other Rule 23 Nationwide Class member suffered damages, including but not limited to, loss of wages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Sean Boone requests the following relief:

a.      An Order certifying this case as a class action (for the Rule 23 Massachusetts Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' Massachusetts state law claims (Count I-II);

b.      An Order certifying this case as a class action (for the Rule 23 Nationwide Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' breach of contract claims and unjust enrichment claims (Count III-IV);

c.      An Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all putative Rule 23 Class members, and permitting Plaintiff to send notice of

this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d.      An Order designating Plaintiff as the representative of the Rule 23 Massachusetts Class, and the Rule 23 Nationwide Class, and undersigned counsel as Class counsel for the same;

e.      An Order declaring Defendants violated the Massachusetts Wage Act and Massachusetts Overtime Act, as explained herein;

f.      An Order declaring Defendants are in breach of a contract with Plaintiff and the Rule 23 Nationwide Class to pay them at a predetermined agreed upon rate for all compensable hours worked;

g.      An Order declaring Defendants' violations of the law were willful;

h.      A Judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the Rule 23 Massachusetts Class and the Rule 23 Nationwide Class the full amount of damages and liquidated damages available by law;

i.      An award of reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

j.      An award of pre- and post-judgment interest to Plaintiff on these damages; and

k.      An Order awarding such other and further relief as this Court deems appropriate.

*[Jury Demand and Signatures of Counsel on the Following Page]*

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  May 28, 2021

*s/ Damien T. Munsinger*
Jose A. Klein, OSB No. 083845
jose@kleinmunsinger.com
Damien T. Munsinger, OSB No. 124022
damien@kleinmunsinger.com
KLEIN MUNSINGER LLC
1215 SE 8th Avenue, Suite F
Portland, Oregon 97214
Telephone: (503) 568-1078


Benjamin Knox Steffans (*pro hac vice* forthcoming)
bsteffans@steffanslegal.com
STEFFANS LEGAL PLLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201
Telephone: (413) 418-4176


Matthew L. Turner (*pro hac vice* forthcoming)
mturner@sommerspc.com
Charles R. Ash, IV (*pro hac vice* forthcoming)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453


*Counsel for Plaintiff and the members of the proposed classes.*