IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SEAN BOOTHE, on behalf of himself and all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC.; NIKE RETAIL SERVICES, INC.; and CONVERSE, INC.,<br><br>Defendants. | Case No. 21-cv-823-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on May 17, 2022. Judge Beckerman recommended that this Court grant in part and deny in part Defendants' motion to dismiss.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants object to Judge Beckerman's conclusion that Plaintiff adequately alleged that Plaintiff entered into an employment contract in which Defendants agreed to pay Plaintiff for all hours worked, which included the time spent during exit inspections. Defendants repeat many of the arguments already rejected by Judge Beckerman. The Court has reviewed those portions of Judge Beckerman's analysis and agrees with Judge Beckerman. Defendants also object to Judge Beckerman's reliance on paragraph 102 of Plaintiff's First Amended Complaint, which provides:

> Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Defendants' contractual promises and performed under the contract by doing their jobs and carrying out the work they performed each shift, including by complying with the Defendants' timekeeping and checkout policies . . . .

ECF 18, ¶ 102. Defendants object that the First Amended Complaint contains no facts to make plausible the allegation that Defendants agreed to compensate Plaintiff for the time spent during exit inspections. The Court agrees with Judge Beckerman that paragraph 102, along with other allegations in the First Amended Complaint, adequately allege that Defendants and Plaintiff

PAGE 2 – ORDER

entered an employment contract in which Defendants agreed to compensate Plaintiff for "all hours worked." *See, e.g.*, *id.* ¶¶ 94, 100. Plaintiff also adequately alleged that those "hours worked" included time spent during Defendants' mandatory exit inspections. *See, e.g.*, *id.* ¶ 102.

Defendants also object to Judge Beckerman's conclusion that Plaintiff's breach of contract claim satisfies Local Rule (LR) 23-2. Defendants contend that Plaintiff deliberately violated LR 23-2 by amending his complaint to comply with the rule but failing to include any common question of fact related to the issue of contract formation. Plaintiff includes in his list of common questions of law and fact the following question: "Whether Defendants' failure to pay the Rule 23 Nationwide Class members for the checkout time at their agreed upon rate constitutes a breach of contract." *Id.* ¶ 72(a). This question is a mixed question of law and fact that necessarily includes the factual question of whether the purported class members' contracts included an agreement that Defendants would pay for the "checkout time at their agreed upon rate." The Court agrees with Judge Beckerman that this question, along with the five other common questions of law and fact related to Plaintiff's breach of contract claim, satisfy LR 23-2.

The Court ADOPTS Judge Beckerman's Findings and Recommendation (ECF 35). The Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss (ECF 22). If Plaintiff believes he can cure the deficiencies identified in Judge Beckerman's Findings and Recommendation, Plaintiff may amend his complaint within two weeks of the date of this Order.

**IT IS SO ORDERED.**

DATED this 22nd day of June, 2022.

                                                   /s/ *Michael H. Simon*
                                                   Michael H. Simon
                                                   United States District Judge